IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN CECIL DODDS,

    Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social
Security,

    Defendant.

Case No. 3:14-cv-00446-AA

OPINION AND ORDER

Tim Wilborn
Wilborn Law Office, P.C.
P.O. Box 370578
Las Vegas, NV 89137
    Attorney for plaintiff

S. Amanda Marshall
United States Attorney
Ronald K. Silver
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97201

David J. Burdett
Special Assistant United States Attorney
Social Security Adminsitration
701 Fifth Ave., Suite 2900 M/S 221A
Seattle, WA 98104
    Attorneys for defendant

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). For the reasons set forth below, the Commissioner's decision is reversed and remanded for an award of benefits.

BACKGROUND

Plaintiff filed his applications for DIB and SSI benefits on December 22, 2010, alleging disability since January 12, 2010, due to peripheral arterial disease, degenerative disc disease and right shoulder strain. Tr. 23. His applications were denied initially and on reconsideration. Tr. 79, 89, 100, 110. After timely requesting a hearing, plaintiff and a vocational expert (VE) appeared and testified before an administrative law judge (ALJ) on October 18, 2012. Tr. 15, 37. On December 21, 2012, the ALJ issued a decision that plaintiff was not disabled within the meaning of the Act. Tr. 21-28. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final agency decision. Tr. 1. Plaintiff now seeks judicial review. 42 U.S.C. § 405(g).

Plaintiff was 62 years old at the time of the ALJ's decision. Tr. 41. Plaintiff received a GED and has past relevant work as a cashier, museum docent, motel owner, microfilm document preparer, and photocopy machine operator. Tr. 43-48.

2 - OPINION AND ORDER

STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v.

3 - OPINION AND ORDER

Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. At step one, the ALJ found that claimant had not engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the ALJ found that claimant has "medically severe impairment[s]" including peripheral arterial disease, degenerative disc disease and right shoulder strain. Tr. 23. Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the ALJ found that plaintiff's impairments, either singly or in combination, did not equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(d), 416.920(d).

At step four, the ALJ assessed plaintiff's residual functional capacity (RFC) to resolve whether plaintiff could perform "past relevant work." 20 C.F.R. §§ 404.1520(f), 416.920(f). The ALJ found claimant has the RFC to perform light work, however, he is limited to only occasional climbing of ramps and stairs, reaching with his right arm, stooping, kneeling, crouching, and crawling. Tr. 24. He also requires a position with the option of alternating between sitting and standing every half hour. Id. The ALJ determined that plaintiff is able to perform past relevant work as a photocopy machine operator and microfilm document preparer. Tr. 28.

Accordingly, the ALJ did not proceed to step five, where the Commissioner must determine that the claimant can perform other work that exists in significant numbers in the national and local economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(g), 416.920(g).

## DISCUSSION

Plaintiff argues that the ALJ erred in the following respects: 1) failing to give sufficient reasons to reject plaintiff's complaints; 2) improperly rejecting lay witness testimony; and 3) failing to provide sufficient reasons for the step-four finding. Pl.'s Br. at 8. I find that the ALJ erred with respect to her failure to discuss the lay witness testimony and her acceptance of the vocational expert's (VE) explanation of an inconsistency between plaintiff's limitations and the *Dictionary of Occupational Titles* (DOT). Based on these errors, I reverse and remand for an award of benefits.

A. Plaintiff's Credibility

Plaintiff asserts that the ALJ erred by failing to give sufficient reasons to reject his subjective complaints. An ALJ's general assertion that a claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to

5 - OPINION AND ORDER

conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted).

The ALJ offered four reasons for finding plaintiff to be only partially credible: (1) plaintiff was inconsistent about whether or not he was laid off due to the economy or due to physical limitations; (2) plaintiff received unemployment benefits; (3) one of plaintiff's doctors noted plaintiff was working at a restaurant and volunteering two hours per week at a clothing bank; and (4) plaintiff's daily living activities. Tr. 25-26.

If a claimant is able to spend part of his day engaged in performing some physical activities that could be transferable to a work setting, specific findings may be sufficient to discredit a claimant's allegations of total limitation. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999). The ALJ pointed to specific findings of plaintiff's activities of daily living, including the doctor's notation regarding possible employment at a restaurant. Tr. 25-26. As interpreted by the ALJ, these activities conflict with plaintiff's asserted disability. I find the ALJ's interpretation rational, even though the court might have interpreted such evidence differently.

Therefore, I find the ALJ proffered legally sufficient reasons to find plaintiff's testimony only partially credible.

B. Lay Witness Testimony

Plaintiff argues the ALJ improperly rejected lay witness testimony by failing to address the statement of plaintiff's wife, Alice Dodds. While the Commissioner concedes the ALJ erred by failing to discuss the statement, the Commissioner argues this was harmless error. I disagree that this was harmless error because Ms. Dodds' statement, if taken properly into account, could have impacted the ALJ's finding with regard to plaintiff's overall credibility.

Lay witness testimony as to a plaintiff's symptoms is competent evidence, which the Commissioner must take into account, unless he or she expressly decides to disregard such testimony, in which case "he must give reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993); see also Lewis v. Apfel, 236 F.3d 503, 311 (9th Cir. 2001); Stout v. Comm'r, 454 F.3d 1050, 1052 (9th Cir. 2006).

An ALJ's failure to discuss lay witness testimony may be harmless error where the testimony is cumulative of another's testimony. Molina v. Astrue, 674 F.3d 1104, 1114-16 (9th Cir. 2012). However, unless the reviewing court can confidently conclude that no reasonable ALJ would have reached the same conclusion without the error, the error is not harmless. Stout, 454 F.3d at 1056; see also Robbins v. Social Sec. Admin., 466 F.3d 880, 885

7 - OPINION AND ORDER

(9th Cir. 2006) (ALJ's failure to consider lay witness testimony was not harmless error).

Here, the ALJ's failure to consider lay witness testimony was not harmless error, as the testimony was not cumulative. Ms. Dodds made a statement describing plaintiff's symptoms and how he left his recent job as a cashier at a grocery store. Tr. 309. The ALJ pointed out that plaintiff asserted in a Disability Report that he was laid off due to economic reasons, tr. 25, 237, but later asserted in another Disability Report that he was laid off because he was unable to perform heavy lifting at the store. Tr. 25, 265. At the hearing, plaintiff testified that he was laid off from his cashier position at the grocery store. Tr. 44. This inconsistency was explained by Ms. Dodds:

> At one job he informed them of his physical limitations before he started the job. The last job at Mohler Coop grocery was created for him. They decided that they could not afford to continue that position of being only a cashier and not stocking shelves, not unloading pallets. So they let him go.

Tr. 309. The ALJ's treatment of plaintiff's explanation for his cashier position does not include any discussion of Ms. Dodds' clarification, nor does it mention her statement elsewhere in the decision. Tr. 25. The ALJ did not consider that, according to Ms. Dodds, plaintiff was laid off for both economic and physical reasons. According to Ms. Dodds, the grocery store created the cashier position for plaintiff, but could no longer afford to continue his employment because he could not contribute to the

8 - OPINION AND ORDER

physical task of stock shelves and unloading pallets. Further, had the lay testimony been considered, it could have substantially impacted the ALJ's decision regarding plaintiff's credibility.

In Stout, the lay witness testimony was similarly disregarded by the ALJ. 454 F.3d at 1056. The Ninth Circuit found that the lay testimony evidenced Mr. Stout's need for a special working environment that would preclude him from returning to employment. Id. The court continued, "This silent disregard thus leaves us . . . . with nothing to review to determine whether the error materially impacted the ALJ's ultimate decision." Id.

Similarly, here, this court has nothing to review to determine whether the ALJ's failure to incorporate Ms. Dodds' statement impacted her ultimate decision. Thus, because it was not considered by the ALJ, it cannot be considered harmless error. Therefore, I find that the ALJ erred with regard to her lack of consideration of lay witness testimony.

C. Vocational Expert's Inconsistency With DOT

Plaintiff argues that the ALJ erred in finding that he could perform past relevant work based on the VE's testimony that plaintiff could work as a microfilm document preparer and copy machine operator, in spite of his physical limitations. Plaintiff further argues that the VE's testimony conflicted with the DOT and that the ALJ erred by not seeking adequate reconciliation of this inconsistency. I agree.

9 - OPINION AND ORDER

When a VE provides information about the various requirements of a given occupation, the ALJ has an affirmative duty to determine whether the information provided conflicts with the DOT; if it conflicts, the ALJ must obtain an explanation for the conflict. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007).

Here, the ALJ found that in light of the medical evidence, plaintiff is limited to "occasional reaching with the right upper extremity." Tr. 27. At the hearing, the ALJ presented the VE with a hypothetical RFC including the limitation of occasional reaching with the right arm. Tr. 64. The VE testified that such an RFC would allow for plaintiff's past relevant work as a copy machine operator and microfilm document preparer. Id. However, the DOT states that a copy machine operator position requires "frequent hand use." Tr. 65. The VE nonetheless stated that the copy machine operator and microfilm operator positions could be performed primarily using the left hand and using the right hand only for support. Tr. 64. The VE continued, "And that, your honor is based on my observation and experience, not on the DOT." Id.

The ALJ did not request further explanation; however plaintiff's attorney questioned the VE about the frequent hand use that would be required for the positions. Tr. 66. The VE testified, "My reference to both the copy machine and the microfilm document preparer are not only based on my expertise, I actually owned a microfilm service company for five years, and I am very familiar

with both job titles." Id.

I find that this explanation is insufficient to reconcile the VE's finding that plaintiff can perform his past relevant work given the conflict with the job description in the DOT. The ALJ may rely on VE testimony that contradicts the DOT, but only if the record contains persuasive evidence to support the deviation. Johnson v. Shalala, 60 F.3d 1428 (9th Cir. 1995). However, no other evidence in the record supports the finding that a copy machine and microfilm operator would require only infrequent use of plaintiff's right hand. Rather, the deviation was merely explained by the VE's own undocumented personal experience with such positions.

Thus, the ALJ's finding that plaintiff can perform past relevant work is not supported by sufficient evidence in the record.

## REMAND

This court has the discretion to reverse the Commissioner's decision with or without a remand for further administrative proceedings. 42 U.S.C. § 405(g); Harman v. Apfel, 211 F.3d 1172, 1177-78 (9th Cir. 2000). Remand is appropriate where further proceedings would resolve defects in the administrative proceedings. However, "remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits." Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Thus,

11 - OPINION AND ORDER

where new proceedings would simply serve to delay the receipt of benefits and would not add to the existing findings, an award of benefits is appropriate. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

Given the ALJ's RFC finding, plaintiff is presumptively disabled under the Medical-Vocational Guidelines (the grids). 20 C.F.R. Pt. 404, Subpt. P, App'x 2. The grids correlate a claimant's age, education, previous work experience, and residual functional capacity to direct a finding or either disabled or not disabled. Although an ALJ must apply the grids if a claimant suffers from an exertional impairment, where a claimant suffers from both exertional and nonexertional impairments, the grids serve as a framework. 20 C.F.R. Pt. 404, Subpt. P, App'x 2, §§ 200.00(a) & (e). In that case, if exertional impairments alone do not direct a finding of disability, further evidence and testimony is required. Cooper v. Sullivan, 880 F.2d 1152, 1155-56 (9th Cir. 1989). In either case, "where the application of the grids directs a finding of disability, that finding must be accepted by the [Commissioner]." Id. At 1157.

If plaintiff cannot perform past relevant work, plaintiff is presumptively disabled under the Medical Vocational Guidelines, Rule 202.04. The rule dictates disability for a person who is limited to light work, who is of advanced age with a high school education or more, but whose education does not provide for direct

12 - OPINION AND ORDER

entry into skilled work, and whose previous work experience is unskilled. 20 C.F.R. Pt. 404, Subpt. P, App'x 2, § 202.04. Here, the ALJ found that plaintiff is limited to light work as a result of severe medically determinable impairments. Tr. 23-24. Plaintiff is of advanced age; he is currently 65 years old and was about 60 years old at the time of his initial application for DIB and SSI benefits. Tr. 200. He received a high school general equivalency degree, which does not provide entry into skilled work. Tr. 43. The VE testified that his previous work experience is largely unskilled. Tr. 60-62. Therefore, plaintiff meets the requirements of Rule 202.04 and is deemed presumptively disabled.

Accordingly, remand for benefits is appropriate.

## CONCLUSION

The ALJ's finding that plaintiff is not disabled is not supported by substantial evidence in the record, and I find that the record reflects plaintiff's entitlement to benefits. Therefore, the Commissioner's decision is REVERSED and REMANDED for an award of benefits.

DATED this 7th day of April, 2015.

_____
Ann Aiken
United States District Judge

entry into skilled work, and whose previous work experience is unskilled. 20 C.F.R. Pt. 404, Subpt. P, App'x 2, § 202.04. Here, the ALJ found that plaintiff is limited to light work as a result of severe medically determinable impairments. Tr. 23-24. Plaintiff is of advanced age; he is currently 65 years old and was about 60 years old at the time of his initial application for DIB and SSI benefits. Tr. 200. He received a high school general equivalency degree, which does not provide entry into skilled work. Tr. 43. The VE testified that his previous work experience is largely unskilled. Tr. 60-62. Therefore, plaintiff meets the requirements of Rule 202.04 and is deemed presumptively disabled.

Accordingly, remand for benefits is appropriate.

## CONCLUSION

The ALJ's finding that plaintiff is not disabled is not supported by substantial evidence in the record, and I find that the record reflects plaintiff's entitlement to benefits. Therefore, the Commissioner's decision is REVERSED and REMANDED for an award of benefits.

DATED this 7th day of April, 2015.

_____
Ann Aiken
United States District Judge